UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION


_____
                               )
UNITED STATES OF AMERICA,      )
                               )
            vs.                )        5:19-CR-149-2BO
                               )
DANIEL N. KEMP, SR.,           )
                               )
            Defendant.         )
_____)


<u>AMENDED TRANSCRIPT</u>

DECEMBER 11, 2019
ARRAIGNMENT
BEFORE THE HONORABLE TERRENCE W. BOYLE
CHIEF UNITED STATES JUDGE


<u>APPEARANCES:</u>

<u>On behalf of the Government:</u>

CHARITY WILSON, ASSISTANT U.S. ATTORNEY
U.S. Attorney's Office - EDNC
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina  27601
charity.wilson@usdoj.gov

<u>On behalf of the Defendant:</u>

SCOTT L. WILKINSON, ESQ.
Scott L. Wilkinson & Associates, P.A.
2802 Anderson Drive, Suite 101
Raleigh, North Carolina 27608
swilkinson1@nc.rr.com


Glenda L. Biggerstaff, Court Reporter
WordServices, Inc.
3103 Virginia Pine Lane
Apex, North Carolina  27539
919.548.4914
wanda@mywordservices.com
Stenomask with computer-aided transcription

```
 1          (Wednesday, December 11, 2019, commencing at 9:36 a.m.)

 2          (Brief pause.)

 3              THE COURT:  Bring -- can you bring the Kemps out

 4   together?

 5              MARSHAL:  Yes, sir.

 6              THE COURT:  Is it okay to bring them in together?

 7              MARSHAL:  Sure.

 8              THE COURT:  Okay.  The first one will be Shanynn

 9   Kemp.

10              MARSHAL:  Yes, sir.

11              MS. SALMON:  Your Honor, we'll need just a moment

12   when she is brought out.  There was a slight addition to one of

13   the elements that is -- it's just sort of typographical in the

14   plea -- plea transcript.  So we're going to have her to sign

15   that and then hand it up.

16              THE COURT:  Okay.  All right.

17              MS. SALMON:  Thank you, sir.

18              THE COURT:  I'll give the rights to the two Kemps and

19   Strickland who's here in the courtroom.  Yes?

20              MR. GODWIN:  Mr. Strickland's here.

21              THE COURT:  Okay.  All right.  Stackhouse -- is

22   Stackhouse in the courtroom?

23              MR. FAUNTLEROY:  I represent her.  I've not seen her

24   yet.  Yes, she's supposed to be here shortly.

25              THE COURT:  Thank you.  She's not here.
```

```
 1              MR. FAUNTLEROY:  Not yet.

 2         (Brief pause.)

 3              MR. FAUNTLEROY:  Your Honor, Ms. Stackhouse is

 4    present.

 5              THE COURT:  All right.  I'm just going to read the

 6    rights to everybody who's in the room at the same time so I

 7    don't have to do it four times.

 8         (Brief pause.)

 9         (Defendant Daniel Kemp entered the courtroom at 9:41 a.m.)

10              THE COURT:  So what -- what happened to the other

11    Kemp?  This is the only one.

12              MS. SALMON:  She's --

13              MR. MORRIS:  She's coming in the door, Your Honor.

14              MS. SALMON:  -- headed this way, Your Honor.

15              THE COURT:  Okay.

16         (Defendant Shanynn Kemp entered the courtroom.)

17         (Brief pause.)

18              THE COURT:  This is the lady that was in South

19    Carolina?

20              MR. MORRIS:  Yes, sir.

21              THE COURT:  You ready to go?

22              MS. SALMON:  Your Honor, if we could just have a

23    moment to look over that slight addition.

24              THE COURT:  All right.

25         (Brief pause.)
```

```
 1          MS. SALMON:  May I approach, Your Honor?  Thank you.

 2   I apologize for the delay.

 3          THE COURT:  Are you ready to go?

 4          MS. SALMON:  Yes, sir.  Your Honor, thank you.

 5          THE COURT:  You're Shanynn Kemp.  Can you understand

 6   me?

 7          MRS. SHANNYBN KEMP:  Yes, sir.  Yes, sir.

 8          THE COURT:  And are you going to enter a plea of

 9   guilty in this case?

10          MRS. SHANNYBN KEMP:  Yes, sir.

11          THE COURT:  You swear to tell the truth?

12          MRS. SHANNYBN KEMP:  Yes, sir.

13          THE COURT:  How old are you?

14          MRS. SHANNYBN KEMP:  51.

15          THE COURT:  And do you read, write, and speak, and

16   understand English?

17          MRS. SHANNYBN KEMP:  Yes, sir.

18          THE COURT:  And you haven't taken any alcohol or

19   chemicals or drugs that would affect your mind, your ability to

20   understand?

21          MRS. SHANNYBN KEMP:  No, sir.

22          THE COURT:  Have you had enough time to meet with

23   your lawyer in this case, your lawyers?

24          MRS. SHANNYBN KEMP:  Yes, sir.

25          THE COURT:  Ms. Salmon and Mr. Morris, do you have
```

```
1    any question about her competence at this time?
2              MS. SALMON:  We do not, Your Honor.  We're satisfied
3    that she's competent to proceed.
4              THE COURT:  The Government have any question about
5    her competence?
6              MS. WILSON:  No, Your Honor.
7              THE COURT:  Okay.  The Court finds the Defendant is
8    competent to proceed with her plea hearing.  Ms. Salmon, you're
9    appointed, aren't you, or are you retained?
10             MS. SALMON:  No, Your Honor.  Both Mr. Morris and I
11   are retained in this case.
12             THE COURT:  Okay.  Adequate arrangements have been
13   made for your compensation?
14             MS. SALMON:  Yes, sir.  Thank you.
15             THE COURT:  Ms. Kemp, are you satisfied with your
16   lawyers' work?
17             MRS. SHANNYN KEMP:  Yes, sir.
18             THE COURT:  I'm going to explain these rights that
19   you have both to you and your husband and to the other people
20   who are on the calendar that are in the courtroom, Strickland
21   and I believe Stackhouse.  You have the right to have your case
22   tried by a jury.  You're presumed by law to be innocent, and
23   you don't have to prove anything at a jury trial.  The burden's
24   on the Government.  It's obligated to prove you guilty by proof
25   beyond a reasonable doubt.  In order to do this, the Government
```

1  has to bring witnesses into court to testify in your presence

2  and in the presence of a jury.  At trial, your lawyer can

3  object to improper evidence, cross-exam the witnesses, and

4  present witnesses and evidence on your behalf.  You can either

5  testify or not testify at a trial.  If you decided not to

6  testify, that won't be used against you.  If you plead guilty,

7  you give those rights up.  There won't be a trial because you

8  will have admitted your guilt, and there's no need for a trial.

9      (Ms. Shanynn Kemp's plea hearing continued but was not

10 transcribed.)

11      (The matter of *U.S. v. Daniel Kemp* began at 9:58 a.m.)

12          THE COURT:  You're Daniel Kemp.

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Are you going to enter a plea of guilty?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Do you swear to tell the truth?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  How old are you?

19          THE DEFENDANT:  50 years old, Your Honor.

20          THE COURT:  And do you read, write, and speak and

21 understand English?

22          THE DEFENDANT:  I do, Your Honor.

23          THE COURT:  Are you now taking any drugs or alcohol

24 that would affect your answers?

25          THE DEFENDANT:  I am not, Your Honor.

1      THE COURT:  Have you had enough time to meet with

2  your lawyer and be prepared?

3      THE DEFENDANT:  Yes, Your Honor.

4      THE COURT:  Mr. Wilkinson, do you have any question

5  on your client's competence?

6      MR. WILKINSON:  I do not, Your Honor.

7      THE COURT:  Does the Government have any reason to

8  question his competence?

9      MS. WILSON:  No, Your Honor.

10     THE COURT:  Are you retained or appointed?

11     MR. WILKINSON:  Appointed, sir.

12     THE COURT:  Are you satisfied with your lawyer's

13  work?

14     THE DEFENDANT:  Yes, Your Honor.

15     THE COURT:  You heard me explain your rights.  Do you

16  understand those?

17     THE DEFENDANT:  I do, Your Honor.

18     THE COURT:  Are you willing to waive those by

19  entering a plea of guilty?

20     THE DEFENDANT:  I am, Your Honor.

21     THE COURT:  Have you seen a copy of the charges in

22  your case?

23     THE DEFENDANT:  I have, Your Honor.

24     THE COURT:  You're charged in Counts 1, 4, and 8 with

25  aggravated sexual abuse.  Punishment for that is up to life and

1    a fine not to exceed $250,000 and five years to life of

2    supervised release.  You're charged in Counts 4 and 5 with the

3    abusive sexual contact by force.  Punishment for that is up to

4    ten years' imprisonment, fine, and supervised release.

5              And Counts 3, 6, and 9, you're charged with abusive

6    sexual contact without consent.  The punishment for that is not

7    more than two years, a fine, supervised release, and special

8    assessment.

9              And then you're charged in Count 7 with incest.  That

10   crime is an assimilative crime under North Carolina law and

11   federal law, and the punishment for that is not more than 59

12   months in prison, a fine, and supervised release.  Do you

13   understand that those are the charges and punishments against

14   you?

15             THE DEFENDANT:  I do, Your Honor.

16             THE COURT:  And you're entering into a written plea

17   agreement with the Government.

18             THE DEFENDANT:  I am, Your Honor.

19             THE COURT:  And you're going to plead guilty to Count

20   8, which is the aggravated sexual abuse, and waive your right

21   to appeal.

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  He doesn't waive his right to appeal,

24   does he?

25             MR. WILKINSON:  I'm sorry, Your Honor?

1          THE COURT:  He doesn't -- I'm looking at paragraph

2     2c.

3          MR. WILKINSON:  It's now 2f.  It's because 2f --

4          THE COURT:  And you waive your right to appeal,

5     reserving your right to appeal from the sentencing excessive

6     guideline.  You waive your right to have a jury decide the

7     facts.  Count 8 of the second superseding indictment is

8     aggravated sexual abuse.  This happened on Fort Bragg.

9          Pleading guilty has immigration consequences.  You'll

10    be subject to that.  You must register under the Sex Offender

11    Registration Act.  The Government agrees to dismiss Counts 1,

12    2, 3, 4, 5, 6, 7, and 9 but reserves the right to make a

13    sentencing recommendation, not further prosecute you for

14    conduct constituting the basis of this indictment.  Paragraph 5

15    has a list of sentencing considerations that come into play.

16    Is this what you've agreed to?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  How do you plead to Count 8?  Guilty or

19    not guilty?

20         THE DEFENDANT:  I plead guilty, Your Honor.

21         THE COURT:  Are you in fact guilty of it?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  You can have a seat.  Tell me about his

24    situation.

25         MS. WILSON:  Yes, Your Honor.  On or about July 1st,

1   2016, Daniel Kemp and his wife, Shanynn Kemp, along with four

2   of their six children, moved into a house located at 3 Blume

3   Road, Cameron, North Carolina, which was located on current

4   federal jurisdiction, namely Fort Bragg, North Carolina.

5   During this time period --

6           THE COURT:  Why is he at Fort Bragg?

7           MS. WILSON:  Your Honor, the housing facility is

8   actually off of the military post.

9           THE COURT:  Yeah.  But why is he there?  I mean,

10  what's his association with the --

11          MS. WILSON:  He was active duty at the time, Your

12  Honor.

13          THE COURT:  He's on active duty.

14          MS. WILSON:  He was on active duty at the time, yes,

15  sir.

16          THE COURT:  In what branch?

17          MS. WILSON:  Army.

18          THE COURT:  Doing what?

19          MS. WILSON:  I'm not exactly sure what his job --

20          THE COURT:  I mean, was he a general or a captain or

21  a --

22          MS. WILSON:  He was enlisted.

23          THE COURT:  Huh?

24          MS. WILSON:  He was enlisted, sir.

25          THE COURT:  At what level?

1          MS. WILSON:  I'm not sure, Your Honor.

2          THE COURT:  Okay.

3          MS. WILSON:  During this time period, Daniel Kemp was

4    an active member of the United States Army and stationed at

5    Fort Bragg.  Daniel Kemp forced his children to engage in

6    sexual acts while living in the residence located in Cameron,

7    North Carolina.

8          As noted in Count 8 of the indictment, between on or

9    about July 1st, 2016, and April 19, 2017, Daniel Kemp forced

10   his youngest child, Victim/Witness 3, to engage in sexual acts

11   with him.  On one occasion, Daniel Kemp asked Victim/Witness 3

12   to go into the basement to help with him something.  And while

13   in the basement of the house, Daniel Kemp forced his penis in

14   Victim/Witness 3's mouth and demanded that Victim/Witness 3

15   perform oral sex on Daniel Kemp.  Daniel Kemp held the victim's

16   head so that he could not move.

17         On another occasion, Daniel Kemp entered

18   Victim/Witness 3's bedroom and forced his fingers into

19   Victim/Witness 3's anus.  Victim/Witness 3 was in pain and

20   could not move.  Daniel Kemp then forced his penis in

21   Victim/Witness 3's mouth and held his head on his penis.

22   Victim/Witness 3 could not move during the sexual act.  And

23   while forcing Victim/Witness 3 to perform oral sex on Daniel

24   Kemp, Daniel Kemp took Victim/Witness 3's hand and held it on

25   his penis.

1          Victim/Witness 3 told Victim/Witness 1 listed in the

2   indictment about the abuse.  The abuse of Victim/Witness 3 is

3   what ultimately led Victim/Witness 1 to report her own abuse in

4   school.

5          THE COURT:  You don't have -- is this an army

6   investigator?  Are you --

7          MS. WILSON:  This is -- Your Honor, this is the FBI

8   investigator.

9          THE COURT:  You're an FBI agent.

10         FBI INVESTIGATOR:  Yes, Your Honor.

11         THE COURT:  What's he doing in the army?  Do you know

12  anything about it?

13         FBI INVESTIGATOR:  I'm not sure, Your Honor, what his

14  rank was.

15         THE COURT:  No.  I don't care about his rank.  I

16  mean, what's he doing in the army?  Does he drive a tank?  Does

17  he fly an airplane?  What does he do?

18         FBI INVESTIGATOR:  I'm not sure.

19         THE COURT:  You have no idea.

20         FBI INVESTIGATOR:  I don't know, Your Honor.

21         THE COURT:  No context at all.  Context meaning that

22  surrounding circumstances.

23         FBI INVESTIGATOR:  I do not know what he did in the

24  military.

25         THE COURT:  Mr. Severo, you know?

1            MR. SEVERO:  I do not, Your Honor.

2            THE COURT:  You'd rather be sitting in the back right

3    now.

4            MR. SEVERO:  Yes, Your Honor.

5            THE COURT:  What do you do in the army?  Were you on

6    active duty?

7            THE DEFENDANT:  I'm still on active duty, Your Honor.

8            THE COURT:  Really.

9            THE DEFENDANT:  Yes, Your Honor.

10           THE COURT:  At what rank or grade?

11           THE DEFENDANT:  I'm a Chief Warrant Officer 4.  I'm a

12   commissioned officer.

13           THE COURT:  And that indicates you -- you say you're

14   50 years old.  What -- you been in the army 25 years.

15           THE DEFENDANT:  28 years, Your Honor.

16           THE COURT:  And the Army is not dealing with this.

17   They're not court-martialing you.

18           THE DEFENDANT:  The army was dealing with it, Your

19   Honor.  And then the army --

20           THE COURT:  Are you subject to a court-martial?

21           THE DEFENDANT:  I was, and then the FBI took over.

22           THE COURT:  And you're appointed.

23           MR. WILKINSON:  Yes, Your Honor.

24           THE DEFENDANT:  Your Honor, on April 19th, 2017, my

25   company commander came to Marion County Jail in Kentucky, and

| | |
|---|---|

1    he gave me paperwork acknowledging that they were going to

2    dismiss me from the army in lieu of court-martial.  On the 22nd

3    of April, the FBI came and arrested me in Marion County Jail

4    and moved me to Louisville, Kentucky, whereby I was eventually

5    transferred back down here to the Eastern District of North

6    Carolina.

7            THE COURT:  Based on this hearing and the evidence

8    presented, the Court finds that the plea is voluntarily made.

9    A factual basis exists.  The Court enters a judgment of guilty

10   on Count 8 of the second superseding indictment.  A presentence

11   report will be prepared.  A sentencing hearing is set for the

12   March term.  And he'll be continued in detention awaiting

13   disposition of sentence.

14           MR. WILKINSON:  Thank you, Your Honor.

15       (Proceedings end at 10:08 a.m.)

16   _____

17                        (END OF TRANSCRIPT.)

18   _____

         I CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE

TRANSCRIPT OF SAID PROCEEDINGS.


/s/ GLENDA L. BIGGERSTAFF                              1/28/22
GLENDA L. BIGGER STAFF                                 DATE